J-S59007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAFAEL ENRIQUE JIMENEZ, | |
| Appellant | No. 3328 EDA 2015 |

Appeal from the PCRA Order Entered October 5, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002738-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 11, 2016**

Appellant, Rafael Enrique Jimenez, appeals from the post-conviction court's October 5, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  On appeal, Appellant raises one claim alleging ineffective assistance of trial counsel. After careful review, we affirm.

This Court previously summarized the facts and procedural history of Appellant's underlying convictions, as follows:

> At trial, the Commonwealth presented the testimony of two police officers and two victims, Manual DaCuhna and Barbara Kishpaugh. The testimony established [that Appellant] was heavily intoxicated and approached the victims. Without provocation, [Appellant] insulted DaCunha and placed a knife under his chin. DaCuhna pushed [Appellant's] hands away, and

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant] stabbed him in the back. [Appellant] threatened both DaCuhna and Kishpaugh, telling DaCuhna he would slice his throat if he did not leave and telling Kishpaugh he was going to cut out her belly ring. [Appellant] attempted to stab Kishpaugh. His knife ripped her coat and left a mark on the midsection of her stomach. Kishpaugh sprayed [Appellant] with mace.

In his defense, [Appellant] testified that he approached DaCuhna and Kishpaugh and spoke with them for a couple of minutes. DaCuhna then punched [Appellant] in the stomach and Kishpaugh sprayed him with mace. After this attack, and as DaCuhna and Kishpaugh were taking his money, [Appellant] stabbed them.

On March 7, 2013, a jury found [Appellant] guilty of two counts of aggravated assault,[1] two counts of aggravated assault with a deadly weapon,[2] two counts of simple assault,[3] and two counts of recklessly endangering another person.[4] The trial court sentenced [Appellant] to imprisonment for 15 to 30 years.

[1] 18 Pa.C.S.A. § 2702(a)(1).
[2] 18 Pa.C.S.A. § 2702(a)(4).
[3] 18 Pa.C.S.A. § 2701(a)(1).
[4] 18 Pa.C.S.A. § 2705.

***Commonwealth v. Jimenez***, No. 1884 EDA 2013, unpublished memorandum at 1-2 (Pa. Super. filed May 23, 2014).

Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence. ***See id.*** He did not petition for allowance of appeal with our Supreme Court. Instead, he filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf. After the court conducted a PCRA hearing on August 31, 2015, it issued an order and opinion denying Appellant's petition on October 5, 2015. Appellant filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently issued a Rule

1925(a) opinion, stating that it was relying on the rationale set forth in its October 5, 2015 opinion accompanying the order denying Appellant's petition.

Herein, Appellant presents one question for our review: "Did the PCRA court err and abuse its discretion by failing to find trial counsel ineffective for failing to argue to the jury that [Appellant's] level of intoxication at the time of the alleged incidents in question limited his abilities to interact appropriately with others and properly comprehend stimuli, and that this limitation could be considered by the jury as a mitigating factor in reaching its determination of guilt or innocence at trial?" Appellant's Brief at 5 (unnecessary capitalization omitted).

We begin by noting that our "standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain

- 3 -

relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In this case, Appellant argues that his trial counsel was ineffective for not properly utilizing evidence of Appellant's voluntary intoxication at the time of his crimes. As the PCRA court points out, "[t]he jury heard … testimony that [Appellant] was drinking prior to the incident, that he was heavily intoxicated, and that the arresting officer could not question [Appellant] after the incident due to his level of intoxication." PCRA Court Opinion, 10/5/15, at 6. Appellant claims that his trial counsel ineffectively failed to use this evidence of his intoxication to support his claim of self-defense. Appellant acknowledges that under the Crimes Code,

[n]either voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308. In lieu of this statute, Appellant concedes that "it is undisputed that evidence of voluntary intoxication would be inadmissible to

- 4 -

overcome the necessary intent to commit the crimes [with which] Appellant was charged…." Appellant's Brief at 9. Nevertheless, he argues that

> this evidence could and should have been used to bolster [] Appellant's self-defense claims. In other words, while an action that is assaultive cannot be excused on the basis that the actor was drunk, an action in self-defense can be interpreted in light of the impressions of the actor at the time of such action. An individual is allowed to act in self-defense where that person has a legitimate concern of personal risk, but that standard is subjective. Many things can effect such [a] perception of danger, including mental health, stress, lack of sleep or intoxication. It would have been appropriate for the jury to consider whether [] Appellant, at the time of the incident, had a concern regarding his safety and, in making such determination, it was necessary for [the jury] to investigate his state of mind, including [his] level of intoxication. Again, while intoxication can not [*sic*] negate intent to commit a crime, it can and should be used to explain the level of self-defense utilized by an actor in a given situation.

*Id.* at 9-10.

Problematically, Appellant cites no legal authority to support his argument that the evidence of his voluntary intoxication could have been utilized by counsel to support Appellant's self-defense claim. Moreover, the Commonwealth contends that Appellant's "argument is an attempt to back door in evidence of intoxication that is statutorily precluded and held to be irrelevant." Commonwealth's Brief at 3. After careful consideration, we agree with the Commonwealth. A claim of self-defense attempts to negate the intent element of an offense.[1] Thus, Appellant's claim that trial counsel

---

[1] *See, e.g., Commonwealth v. Hilbert*, 382 A.2d 724, 731 (Pa. 1978) (concluding that "[a] claim of self-defense [to a charge of murder], if
*(Footnote Continued Next Page)*

should have framed his voluntary intoxication defense as part of his self-defense claim would have been impermissible, as doing so would have utilized Appellant's voluntary intoxication to "negative the intent element of the offense," in violation of 18 Pa.C.S. § 308.

Additionally, the only way in which Appellant's counsel could have used his voluntary intoxication to support his self-defense claim would have been to argue that Appellant's intoxication resulted in "an unreasonable rather than reasonable belief that deadly force was required to save [Appellant's] life." *Commonwealth v. Serge*, 837 A.2d 1255, 1265 (Pa. Super. 2003). Therefore, Appellant's self-defense claim would have morphed into an 'imperfect self-defense' theory. As this Court has declared, "[o]ur jurisprudence … has rejected the imperfect self-defense reduction [from murder to voluntary manslaughter] based on voluntary intoxication." *Id.* at 1266 (citing *Commonwealth v. Sheppard*, 648 A.2d 563, 569 (Pa. Super. 1994) (recognizing that voluntary intoxication presents only a diminished capacity defense, which at best reduces the degree of homicide from first to third degree). If imperfect self-defense based on voluntary intoxication

*(Footnote Continued)* _____

believed, would negate any element of 'ill-will, wickedness of disposition, hardness of heart, cruelty or recklessness of consequences, and a mind regardless of social duty' necessary to constitute malice"); *Commonwealth v. Miller*, 634 A.2d 614, 617 (Pa. Super. 1993) ("The relationship between a claim of self-defense and the element of malice has been described as follows: '[i]n a prosecution for murder, evidence of provocation or self-defense tends to negate the malice required to prove murder.'") (citation omitted).

cannot be utilized to reduce a murder charge to voluntary manslaughter, it follows that that theory could also not have been used in Appellant's case to reduce his charges of aggravated assault to simple assault.

For these reasons, we conclude that Appellant has not demonstrated arguable merit to his underlying ineffective assistance of counsel claim. Accordingly, we ascertain no error in the PCRA court's denial of his petition.

Order affirmed.

Justice Fitzgerald joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016